IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| JILL CORDAN         Plaintiff, : | |
| : | |
| v.    : | Civil No. 5:25-cv-03179-JMG |
| : | |
| JEFFREY MITCHELL, TOMMY RYAN and  : | |
| EAST COCALICO TOWNSHIP  : | |
|          Defendants.  : | |

_____

**MEMORANDUM OPINION**

**Gallagher, J.**                                                                              October 28, 2025

Plaintiff here alleges that Defendants, Jeffery Mitchell ("Defendant Mitchell"), Tommy Ryan ("Defendant Ryan"), and East Cocalico Township ("ECT" or "Defendant Township") (collectively the "Defendants") embarked on a campaign to discredit Plaintiff and to destroy her reputation, due to her speaking out against ECT and because she is a gay woman. Plaintiff has brought claims against Defendants for retaliation in violation of the First Amendment, violation of 42 U.S.C. § 1983, violation of the Equal Protection Clause, civil conspiracy, denial of equal rights under the law, conspiracy to interfere with civil rights under 42 U.S.C. § 1981, intentional infliction of emotional distress, and negligent infliction of emotional distress. Defendants' Motion to Dismiss is granted in its entirety.

I.     BACKGROUND

Plaintiff Jill Cordan took office as the elected Tax Collector for ECT on January 3, 2022. ECF No. 1 at ¶ 11. Prior to her election, Plaintiff was outspoken on matters concerning ECT. *Id.* at ¶¶ 12-14. Plaintiff asserts that Defendants, individually and in coordination with each other, impeded on her ability to perform her duties as the Tax Collector for ECT. *Id.* at ¶¶ 16, 19. Specifically, Plaintiff alleges that Defendants changed township policy affecting Plaintiff's commission on collected taxes and further accused her of misconduct and spread rumors about her, damaging her personal and professional reputation. *Id.* at ¶¶ 17-18, 29-32, 38-40. Plaintiff states that Defendants' motivation for

1

this conduct was because Plaintiff is an openly gay woman who had previously been outspoken against ECT, which included Plaintiff filing a formal hostile work environment complaint. *Id.* at ¶¶ 16, 37. Plaintiff claims she suffered a loss in income, and ultimately, her reelection bid as a result of Defendants unlawful actions. *Id.* at ¶¶ 32, 40, 45. Plaintiff filed suit in this Court against Defendants on June 23, 2025. ECF No. 1. Defendants moved to dismiss Plaintiff's claims against it under Federal Rule of Civil Procedure 12(b)(6) on August 22, 2025. ECF No. 9.

## II.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotations and citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Wheeler v. Wheeler*, 639 F. App'x 147, 149 (3d Cir. 2016) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)).

## III.   DISCUSSION
### a.   Plaintiffs First Amendment Retaliation Claim (Count I) is Dismissed

Plaintiff alleges that Defendants retaliated against her, because prior to her being elected, she was an outspoken critic of ECT, and the Board of Supervisors. *See* ECF No. 1 at ¶¶ 58(a)-(d). In order to plead a retaliation claim under the First Amendment, a plaintiff must allege: "(1) that [s]he engaged in constitutionally protected conduct; (2) that [s]he suffered retaliatory action sufficient to deter a

2

person of ordinary firmness from exercising h[er] constitutional rights; and (3) a causal connection between the protected activity and the retaliatory act." *Forish v. Brasile*, No. 2:23-CV-1316, 2024 WL 3046996, at *3 (W.D. Pa. June 18, 2024) (citation omitted). "A plaintiff can establish the requisite causal connection by showing either: (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Id.* (citation omitted). "When a plaintiff relies solely on circumstantial evidence of temporal proximity, the time between the protected conduct and the adverse action is often measured in days rather than weeks or months." *Id*. (citation omitted).

Plaintiff has failed to establish that a causal connection exists between her statements and the retaliatory action that allegedly occurred, as we are left in the dark as to when these statements were made. Instead, Plaintiff makes general allegations of timeframes when these statements were made such as, "*[p]rior to her election* . . .", ECF No. 1 at ¶ 12 (emphasis added) and "*[b]efore she was sworn in* to office . . ." ECF No. 1 at ¶ 14 (emphasis added). In *Forish*, the Court found there was no temporal connection between Forish's alleged citizen speech in December 2019 (and June 2020) and the retaliatory actions that occurred almost a year later. *See Forish*, 2024 WL 3046996, at *3. Here, this Court cannot make any conclusion to determine if there was temporal connection, as there are no specifications as to when the statements were made.[1]

However, in the Third Circuit it is a well-accepted principle that "in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007); *Mullin v. Balicki,* 875 F.3d 140, 151 (3d Cir. 2017). Therefore, Plaintiff will be granted leave to amend her Complaint as to Count I.

---

[1] In addition, pursuant to Rule 9, "[a]n allegation of time or place is material when testing the sufficiency of a pleading." The lack of specificity as to the time or place, makes the pleading deficient.

### b. Plaintiffs *Monell* Claim (Count II) is Dismissed

Plaintiff brings a claim against all Defendants under 42 U.S.C. § 1983. Defendants have moved to dismiss Count II against them on the grounds that a *Monell* claim fails against the individual defendants and Plaintiff has failed to establish municipal liability under *Monell v. Dep't of Social Services*. 436 U.S. 658 (1978). Firstly, a *Monell* claim can only be stated against a municipality, not an individual person. *See Moore v. Solanco Sch. Dist.*, 471 F. Supp. 3d 640, 669–70 (E.D. Pa. 2020) ("Monell liability applies only to municipalities, not to individuals."). Therefore, the *Monell* claim against the individual Defendants is dismissed with prejudice.

Further, a § 1983 claim against a municipality may proceed in two ways. "A plaintiff may put forth that an unconstitutional policy or custom of the municipality led to his or her injuries, or that they were caused by a failure or inadequacy by the municipality that reflects a deliberate or conscious choice." *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019) (citations omitted).

### i. Policy-Custom Claims

Under the first theory of liability, a Plaintiff must establish the existence of a custom or policy and demonstrate the "'affirmative link between the policy or custom and the particular constitutional violation [she] alleges.'" *Est. of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict," and "[c]ustom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* (citations omitted).

Plaintiff fails to allege any policy or custom that Defendants have violated, but instead makes the lengthy, conclusory allegation that "[t]hese Defendants developed and maintained policies, procedures, customs, and/or practices, specifically, the policies, procedures, customs, and/or practices of encouraging employees to file frivolous grievances, encouraging employees to file false police

4

reports, advising and encouraging employees to take extended leaves of absence in order to punish a public servant, publicly humiliating political opponents, and utilizing law enforcement to restrict building access to certain individuals who you disagree with." ECF No. 1 at ¶ 76.

These conclusions are insufficient to state a claim for municipal liability on the basis of a policy or custom because at the outset, Plaintiff has not "'specif[ied] what exactly that custom or policy was'" that allegedly caused the violation of her constitutional rights. *Carr v. City of Phila.*, 560 F. Supp. 3d 845, 849 (E.D. Pa. 2021) (quoting *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) ("To satisfy the pleading standard, [a plaintiff] must identify a custom or policy, and specify what exactly that custom or policy was.")).

### ii. <u>Failure-or-Inadequacy Claims</u>

Plaintiff also attempts to state a claim for municipal liability on the basis of failure to "conduct sufficient training or supervision with respect to the protected speech rights of citizens to question the actions of the Board of Supervisors, the Township and their employees, agents and assigns." ECF No. 1 at ¶ 48(a). "[A] plaintiff advancing a claim predicated on a municipality's failure or inadequacy in training, supervision, or otherwise is spared from demonstrating the existence of an unconstitutional policy or custom" but must make a showing that the municipal policymakers acted with deliberate indifference. *Forrest*, 930 F.3d, at 117. "Under *Monell*, deliberate indifference requires 'proof that a municipal actor disregarded a known or obvious consequence of his action.' Ordinarily, this means that a plaintiff must show that '[a] pattern of similar constitutional violations' put the city on notice that, by failing to act, it was being deliberately indifferent to [a citizens] rights." *Hightower v. City of Phila.*, 130 F.4th 352, 357(3d Cir. 2025) (quoting *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 410 (1997)) (quoting *Connick v. Thompson,* 563 U.S. 51, 62 (2011)).

Plaintiff's claim under this second theory of liability is insufficient because she has not alleged facts showing that Defendants acted with deliberate indifference. "Usually, 'a pattern of similar constitutional violations by untrained employees is necessary to demonstrate deliberate indifference

for purposes of failure to train.' . . . This is because '[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights.'" *Hargrove v. City of Phila.*, 671 F. Supp. 3d 595, 606 (E.D. Pa. 2023) (quoting *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222, 223 (3d Cir. 2014)). As discussed above, Plaintiff has not put forth specific allegations of a pattern of similar constitutional violations that would have put the Defendants on notice of the consequences of its actions. Although Plaintiff asserts that "[t]he aforementioned policies, practices, habits, custom, usage and/or training creates an environment where citizens are retaliated against for the expression of First Amendment Rights and for merely existing as a protected status under the 14th Amendment," she fails to show that Defendants were aware of this "practice" and failed to do anything to prevent that outcome. ECF No. 1 at ¶ 49. Further, Plaintiff has not explained what specific training, supervision, or discipline would have prevented her injury. *Leathers v. Russo*, 2025 WL 327313, at *5 (E.D. Pa. Jan. 29, 2025) (citing *Weber v. Erie Cnty.*, 2020 WL 5983275, at *4 (W.D. Pa. Oct. 8, 2020)). Rather, Plaintiff argues in a sweeping fashion that the Defendants policies, practices, habits, custom, usage and/or training that was in place created "an environment where citizens are retaliated against for the expression of First Amendment Rights and for merely existing as a protected status under the 14th Amendment." ECF No. 1 at ¶¶ 48(a), 49. Plaintiff's Complaint is deficient of facts which show deliberate indifference, an essential element of a claim of municipal liability based on failure to train, discipline, or supervise.

"Where a complaint contains only conclusory allegations, it 'fail[s] to satisfy the 'rigorous standards of culpability and causation' required for municipal liability.'" *Leathers*, 2025 WL 327313, at *5 (quoting *Young v. City of Chester* 764 F. App'x 262, 265 (3d Cir. 2019)); *see Oliver v. City of Phila.*, 2025 WL 1902298, at *10 (E.D. Pa. July 9, 2025) (quoting *McTernan v. City of York, PA*, 564 F.3d 636, 659 (3d Cir. 2009)) ("Allegations that 'simply paraphrase[]' the standard for municipal liability are too vague and generalized to support a *Monell* claim.").

6

Again, pursuant to well established law in the Third Circuit, Plaintiff will be granted leave to amend her Complaint as to Count II against Defendant Township.

### c. Plaintiffs Discrimination Claim (Count III) is Dismissed

Plaintiff alleges that Defendants violated her Fourteenth Amendment right to equal protection by subjecting her to "severe and persuasive harassment" due to her status as a "gay, female." ECF No.1 at ¶ 79. Defendants argue in their Motion to Dismiss that Plaintiff fails to allege any similarly situated people were treated differently, and thus her claim fails. *See* ECF No. 9 at p. 13. This Court agrees.

Under the Fourteenth Amendment, no state shall "deny to any person ... the equal protection of the laws." U.S. Const. amend. XIV, § 1. In order to establish an equal protection claim, Plaintiff must show that: "(1) she was treated differently from others who are similarly situated (Defendants' actions had a discriminatory effect); and (2) that this selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person (Defendants' actions had a discriminatory purpose)." *Westrich v. Malvern Borough*, No. 2:24-CV-02632-KBH, 2025 WL 2147360, at *6 (E.D. Pa. July 29, 2025).

Plaintiff does not allege in her Complaint that she is similarly situated to any other individuals. Instead, she claims "the harassment endured by Plaintiff detrimentally affected here [sic] and ***would have detrimentally affected a similarly situated reasonable person***." ECF No. 1 ¶ 80 (emphasis added). However, this type of conclusory allegation fails to support a claim under the Equal Protection Clause. *See Taylor v. Northampton Cnty.*, No. 5:24-CV-1411, 2025 WL 1577824, at *7 (E.D. Pa. June 4, 2025) (dismissing Equal Protection claim, in part, because Plaintiff's allegations "[she] has been treated different than similarly situated individuals" was conclusory). Further, Plaintiff's statement that "[a]s the only openly gay female elected official in ECT, there is no comparison," ECF No. 15 at p. 14, is misplaced. The correct comparison is to individuals who ***do not*** share the Plaintiff's protected characteristics, such as straight male officials or employees.

7

Count III is dismissed, without prejudice as the Court cannot tell whether Plaintiff can cure this claim with more robust allegations.

### d. Plaintiffs Claim Under 42 U.S.C § 1981 (Count V) is Dismissed

Plaintiff claims that acting under the color of state law, with "an animus towards Plaintiff as a gay, female" Defendants "unlawfully deprived Plaintiff of her constitutional rights." ECF No. 1 at ¶ 108. To state a claim under 42 U.S.C. § 1981, a plaintiff must allege: "(1) that [s]he belongs to a racial minority; (2) an intent to discriminate on the basis of race by the defendants; and (3) discrimination concerning one or more of the activities enumerated in § 1981." *Manuel v. City of Philadelphia*, 2010 WL 3566767, at *5 (E.D. Pa. Sept. 14, 2010) (citations omitted). Further, § 1981 only allows claims "arising from discrimination based on ***race or color***." *Id*. (emphasis added).

Plaintiff makes no allegation that the discrimination she was subject to was based on her race. Instead, Plaintiff specifically alleges that the discrimination she faced was based on her status as a gay female, not on the basis of color or race. *See* ECF No. 1 at ¶¶ 103, 108. Thus, Plaintiff fails to state a claim and Count V is dismissed with prejudice.

### e. Plaintiffs Claim Under 42 U.S.C. § 1985 (Count VI) is Dismissed

To state a claim under § 1985(3), Plaintiff must allege: "(1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the united states." *Fennell v. Kostura*, No. CV 19-669, 2019 WL 2615484, at *12 (E.D. Pa. June 25, 2019).[2]

Plaintiff alleges that Defendants conspired to "deny the Plaintiff rights afforded [to] heterosexual, male citizens by unlawfully retaliating against her and then conspiring to conceal what

---

[2] Plaintiff incorrectly states in their Opposition to Defendants Motion to Dismiss that she is bringing this claim under § 1985(2), however, § 1985(2) applies to obstructing justice, intimidating party, witness or juror. However, given the nature of the factual allegations the Court will construe the claim as one for relief under § 1985(3). *See* ECF No. 15 at p. 15.

actually occurred." ECF No. 1 at ¶ 115. But Plaintiffs § 1985 claim fails for the same reasons that her Equal Protection claim fails, as Plaintiffs § 1985 claim is premised on the same factual basis as her Equal Protection claim. As explained above, Plaintiff has not sufficiently alleged that she was treated differently than any comparable or similarly situated individuals. *See id*. (finding that Plaintiffs equal protection claim fails because he does not allege different treatment from similarly situated individuals and "[w]ithout an equal protection claim, [Plaintiff] cannot state a claim under Section 1985."); *see also supra* pp. 7-8.

Count VI is dismissed without prejudice.

### f. This Court Declines to Exercise Jurisdiction Over the Remaining State Law Claims (Counts IV, VII, and IIX)

This Court initially had jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), which provides supplemental jurisdiction over state law claims "within such original jurisdiction that they form part of the same case of controversy." After dismissing Counts I, II, III, V, and VI, the only claims that remain are the state law claims against Defendants which allege Civil Conspiracy (Count IV), Intentional Infliction of Emotional Distress, (Count VII) and Negligent Infliction of Emotional Distress (Count IIX). At this point, as the federal claims have been dismissed, this Court exercises its discretion and declines to exercise supplemental jurisdiction over the state law claims, as there is no affirmative justification to do otherwise. *See* 28 U.S.C. § 1367(c) ("district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction."); *see also Stone v. Martin*, 720 F. App'x 132, 135 (3d Cir. 2017) (directing that district courts "must decline to exercise supplemental jurisdiction in such circumstances unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.") (citation omitted). Thus, the remaining state law claims are dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, Defendants Motion to Dismiss (ECF No. 9) is granted in its entirety. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge
